**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC., a California corporation,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | **Case No. 2:10-cv-816-CW-PMW** |
| **v.** | |
| **CHARLES F. HALE and BEVERLY HALE, husband and wife; HALE UNLIMITED, LLC, a Utah limited liability company,** | **District Judge Clark Waddoups** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Philips Medical Systems (Cleveland), Inc.'s ("Plaintiff") motion for an expedited hearing;[2] (2) Plaintiff's motion to enter its proposed protective order[3] and Charles F. Hale, Beverly Hale, and Hale Unlimited, LLC's (collectively, "Defendants") cross-motion to enter their proposed protective order;[4]

---

[1] *See* docket no. 32.

[2] *See* docket no. 43.

[3] *See* docket no. 29.

[4] *See* docket no. 34.

(3) Defendants' motion for a discovery order;[5] and (4) the issue of scheduling in this case, including Defendants' motion for entry of their proposed scheduling order.[6] The court will address each matter in turn.

## I. Plaintiff's Motion for Expedited Hearing

In this motion, Plaintiff seeks an expedited hearing to address the above-referenced motions and scheduling. The court has carefully reviewed the parties' written submissions on the motions, as well as their submissions concerning scheduling. The court concludes that expedited resolution of those matters is appropriate; however, the court also concludes that oral argument is not necessary and will determine the motions and scheduling matters on the basis of the written submissions. *See* DUCivR 7-1(f). Accordingly, Plaintiff's motion for an expedited hearing is denied.

## II. Cross-Motions to Enter Protective Order

These cross-motions present the court with dueling proposed protective orders. Plaintiff asserts that entry of its proposed protective order is appropriate. Defendants disagree and ask the court to enter their proposed protective order.

Pursuant to rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential

---

[5] *See id.*

[6] *See id.*

research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Entry of a protective order "is left to the sound discretion of the district court." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).

After considering the parties' arguments and each of the proposed protective orders, the court has determined that entry of Plaintiff's proposed protective order is appropriate. Accordingly, Plaintiff's motion to enter its proposed protective order is granted, and Defendants' cross-motion to enter their proposed protective order is denied. After entry of this order, the court will enter Plaintiff's proposed protective order.

### III. Defendants' Motion for Discovery Order

In this motion, Defendants seek an order from the court requiring Plaintiff to identify with particularity the trade secrets that Defendants allegedly misappropriated and staying all further proceedings in this case, including any discovery or requests for injunctive relief, until Plaintiff does so. "District courts are properly granted broad discretion over discovery and scheduling matters . . . ." *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007).

The court is not persuaded by Defendants' arguments, particularly given that this case is at such an early stage in the litigation process. In the court's view, Defendants' motion is essentially a motion to compel production of discovery, which the court views as premature because it appears that discovery has not yet commenced. For this reason, and for all the reasons

set forth in Plaintiff's opposition memorandum,[7] Defendants' motion for a discovery order is denied.

## IV. Scheduling

While this case was previously set for an initial pretrial conference to address scheduling in this case,[8] that conference was vacated when Defendants filed their motion for a scheduling order on the day before the conference was to be held.  Accordingly, the issue of a scheduling order for this case must be addressed.

Each side in this case has submitted a proposed schedule for the court's consideration. The two proposed schedules are drastically different.  Plaintiff's proposed schedule has this case going to trial in approximately three months, while Defendants' proposed schedule would result in trial commencing sometime in early to mid-2012.

Under the circumstances presented by this case, the court agrees with Plaintiff's assertion that an expedited schedule is both necessary and appropriate.  Accordingly, Defendants' motion for entry of their proposed scheduling order is denied.  At the same time, the court has determined that Plaintiff's proposed schedule is too aggressive and is not practicable from the court's perspective.  Accordingly, after entry of this order, the court will issue a scheduling order that is both practicable for the court and moves this case forward on an expedited basis.

---

[7] *See* docket no. 41.

[8] *See* docket nos. 25, 28.

In summary, **IT IS HEREBY ORDERED:**

1.     Plaintiff's motion for an expedited hearing[9] is **DENIED**.

2.     Plaintiff's motion to enter its proposed protective order[10] is **GRANTED**, and Defendants' cross-motion to enter their proposed protective order[11] is **DENIED**.  The court will enter Plaintiff's proposed protective order after entry of this order.

3.     Defendants' motion for a discovery order[12] is **DENIED**.

4.     Defendants' motion for entry of their proposed scheduling order[13] is **DENIED**. The court will enter a scheduling order after entry of this order.

**IT IS SO ORDERED**.

DATED this 28th day of January, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[9]  *See* docket no. 43.

[10]  *See* docket no. 29.

[11]  *See* docket no. 34.

[12]  *See id*.

[13]  *See id*.